**SANGER & SWYSEN**
Attorneys at Law
Stephen K. Dunkle, State Bar No. 227136
sdunkle@sangerswysen.com
233 East Carrillo Street, Suite C
Santa Barbara, CA 93101
(805) 962-4887 FAX (805) 963-7311

Attorneys for Plaintiff, Luis Garcia

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SANTA BARBARA, DEPUTY CHRISTOPHER CORBETT, and DOES 1-10, inclusive.<br><br>Defendants. | Case No. CV 08-04978 SJO (CTx)<br><br>[PROPOSED] PROTECTIVE ORDER FOR INFORMATION EXCHANGED IN DISCOVERY AND OTHER PROCEEDINGS BEFORE THE MAGISTRATE JUDGE *as modified by the court*.<br><br>Honorable Carolyn Turchin, Magistrate Judge |

PURSUANT TO THE STIPULATION of the parties in the above-entitled action the Court issues the following regarding the exchange of all documents concerning peace officer personnel records as defined by Cal. Penal Code §§ 832.7 and 832.8, and records described by Cal. Evidence Code §§ 1043, 1045, and 1046, during the discovery process and other proceedings before the magistrate judge, and, in particular, documents produced by Defendants in response to Plaintiff's Requests for Production 5, 8, 9, 10, 11 and 12.

The parties hereby agree and stipulate that those documents exchanged are

1

**PROTECTIVE ORDER FOR INFORMATION EXCHANGED IN DISCOVERY AND OTHER PROCEEDINGS BEFORE THE MAGISTRATE JUDGE**

confidential and privileged under state law and as such further agree to the following:

1.  The documents subject to the protective order concern allegations of police officer misconduct made by citizen complainants regarding incidents other than the incident at issue in this litigation. The documents subject to the protective order are located within two files created and maintained by the Santa Barbara County Sheriff's Department's Internal Affairs Division. Those files contain some or all of the following categories of documents: (a) investigative summary; (b) conclusion; (c) administrative case review and recommendations; (d) witness interview summaries and handwritten interview notes; (e) completed citizen complaint forms; (f) correspondence; (g) offense and incident reports; (h) confidentiality orders to Sheriff's Department witnesses; and (g) investigative materials regarding the complainants.

The Sheriff's Department keeps all of these records confidential, in part, to protect the privacy interests of the peace officer subjects of citizen complaints, the complaining citizens and other third party witnesses in the information these individuals disclosed and that the department investigators discovered during the investigation. The Department also has an institutional interest in maintaining the confidentiality of this information to encourage free and unfettered use of the citizen complaint process, and the impartial disclosure of all relevant information by complainants, subjects and witnesses during the investigation. To protect these interests, the Sheriff's Department orders all members of the Department who are asked to provide information during an investigation of a citizen complaint to fully cooperate, to disclose all information and facts that may be asked of them, and to not discuss the case or their involvement in it with anyone. Any Department employee that violates the confidentiality order is subject to immediate disciplinary action for insubordination. For these reasons, the Sheriff's Department has not only maintained the confidentiality of the files subject to this stipulation for a protective order since they were created, it will also ultimately destroy them pursuant to the California Penal Code and Sheriff's Department policy.

2.   A protective order is necessary to protect the statutory privileges and privacy interests under the California Constitution of the peace officer subjects of citizen complaints, the complaining citizens and other third party witnesses mentioned in the documents. Because the documents subject to the order do not involve the actions at issue in this litigation the privacy interests under these circumstances are greater in relation to the probative value of the information than they would be if the investigation records concerned the same incident as this litigation.

3.   The documents disclosed and delivered to plaintiff's counsel of record in discovery are confidential and privileged, and plaintiff's counsel shall be responsible for insuring that the terms of this order are complied with.

>    (a) Such information will be treated by plaintiff and her representatives as confidential, and will not be used for any purpose beyond that of the above-referenced litigation;

>    (b) Such information may be disclosed to the plaintiff's representatives, including attorneys and experts, as is necessary for purposes of the above-referenced litigation;

>    (c) The designation of materials as confidential does not entitle the parties to have those materials filed under seal;

>    (d) Use of any of the confidential information in motions or other materials filed with the court will be pursuant to an application to the District Judge to submit such confidential information under seal;

>    (e) Any application to file materials under seal must: (1) comply with Local

3

**PROTECTIVE ORDER FOR INFORMATION EXCHANGED IN DISCOVERY AND OTHER PROCEEDINGS BEFORE THE MAGISTRATE JUDGE**

Rule 79-5; (2) seek to file under seal only those portions of the materials that are confidential; (3) be supported by an appropriate showing; and (4) be made to the judicial officer presiding over the proceedings in question.

(f) Upon final conclusion of the above-referenced litigation, all designated confidential materials will be returned to defendants.

4. The the documents and the information contained therein shall be kept confidential and shall be used solely in connection with the preparation and trial of the above civil case and for no other use. *Unless otherwise ordered by the court or required by law.* CT

5. The upon final disposition of this case plaintiff's counsel shall promptly, without request or further order of the court, return all discovered documents and photocopies and/or reproduction of those discovered documents to the attorney of record for defendants.

Dated: 9/18/09

_____
Honorable Carolyn Turchin, Magistrate Judge